O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BLAIR,<br><br>　　　　　Plaintiff,<br>　　v.<br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br>　　　　　Defendant. | Case No. CV 12-04500-OP<br><br>MEMORANDUM OPINION AND ORDER |

The Court[1] now rules as follows with respect to the disputed issues listed in the Joint Stipulation ("JS").[2]

/ / /

/ / /

/ / /

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See ECF Nos. 8, 9.)

[2] As the Court advised the parties in its Case Management Order, the decision in this case is made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g). (ECF No. 6 at 3.)

# I.
# DISPUTED ISSUES

As reflected in the Joint Stipulation, the disputed issues raised by Plaintiff as the grounds for reversal and/or remand are as follows:

(1) Whether the ALJ's finding that Plaintiff's impairments did not meet or equal a listing is supported by substantial evidence;

(2) Whether the ALJ properly considered the opinion of the treating physician and the residual functional capacity ("RFC") assessment is supported by substantial evidence; and

(3) Whether the ALJ properly evaluated Plaintiff's credibility.

(JS at 4.)

# II.
# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

## III.

## DISCUSSION

**A.  The ALJ's Findings.**

The ALJ found that Plaintiff had the severe impairments of osteoarthritis of the left ankle and right wrist, and chronic back pain. (Administrative Record ("AR") at 19.) The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work, except that he can stand and walk for no more than four hours of an eight-hour workday; can no more than occasionally climb, balance, stoop, kneel, crouch, or crawl; can sit up to six hours of an eight-hour workday, cumulatively; and can no more than occasionally perform fine or gross manipulations with the right upper extremity. (Id. at 19-20.)

Relying on the testimony of the vocational expert ("VE"), the ALJ determined Plaintiff was able to perform such occupations as bench assembler/assembler of small parts; packager; cashier II; and inspector/hand packager. (Id. at 23.) The VE further testified that a person with Plaintiff's RFC could also perform such sedentary occupations as cutter and paster; inspector; and surveillance system monitor. (Id.)

**B.  The ALJ Properly Determined Plaintiff's Impairments Did Not Meet or Equal a Listing.**

Plaintiff contends that the ALJ's listing determination lacks the support of substantial evidence. (JS at 4.) Specifically, Plaintiff contends the evidence demonstrates that he meets or equals listing 1.02A, major dysfunction of a joint, and that the ALJ provided no analysis of his "listing determination." (Id. at 4, 12.)

Listing 1.02A provides:

> 1.02. *Major dysfunction of a joint(s) (due to any cause)*: Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal

3

motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:

    A. Involvement of one major peripheral weight-bearing joint (*i.e.*, hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. pt. 404, subpt. P., app. 1, § 1.02A.

The inability to ambulate effectively is defined as:

    (1) *Definition*. Inability to ambulate effectively means an extreme limitation of the ability to walk; *i.e.*, an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities. . . .

    (2) *To ambulate effectively*, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. They must have the ability to travel without companion assistance to and from a place of employment or school. Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. The ability to walk independently about one's home without the use of assistive devices

1       does not, in and of itself, constitute effective ambulation.
2 Id. § 1.00B2b.
3       On July 7, 2005, Plaintiff underwent open reduction and internal fixation of
4 his fractured left ankle.  (AR at 289.)  On November 22, 2005, he underwent
5 exploration of the left lower leg and ankle with removal of the hardware.  (Id. at
6 295.)  On March 20, 2007, Plaintiff underwent left ankle arthroscopy,
7 chondroplasty, and synovectomy.  (Id. at 209.)
8       In April 2009, Plaintiff reported significant ankle pain on weight-bearing to
9 his treating orthopedist, Dr. Arthur Kreitenberg.  (Id. at 462, 472, 473.)  Dr.
10 Kreitenberg's examination showed decreased range of motion to the left ankle.
11 (Id. at 462, 465, 467.)   On September 15, 2009, Plaintiff reported difficulty with
12 standing, walking, lifting and daily activities, due to persistent left ankle pain to
13 his chiropractor, Marc Weiss.  (Id. at 378, 382-84, 386-97, 415, 500, 505.)  In
14 response to an October 20, 2009, Physical Residual Functional Capacity
15 Questionnaire, Dr. Kreitenberg opined that Plaintiff had no sit restrictions; cannot
16 stand at any one time for more than thirty minutes before needing to sit down,
17 walk around, or lie down; can walk for two hours of an eight-hour workday;
18 should never twist, stoop/bend, crouch, climb ladders or climb stairs; has no
19 limitations in repetitive reaching, handling, or fingering; would be absent from
20 work more than four days per month; and should avoid uneven ground and
21 prolonged wight bearing.  (Id. at 373-76.)  Plaintiff contends, therefore, that Dr.
22 Kreitenberg found that Plaintiff "cannot effectively ambulate" as defined in
23 Listing 1.02A.  (JS at 7, 11.)  The Court does not agree.
24       An ALJ is required to adequately explain the basis for his determination that
25 an applicant's impairments do not equal a listing.  Marcia v. Sullivan, 900 F.2d
26 172, 176 (9th Cir. 1990).  However, an ALJ is not required to "state why a
27 claimant failed to satisfy every different section of the listing impairments."
28 Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990).  Accordingly, a

well-developed discussion of the factual basis of a claimant's impairments elsewhere in a hearing decision may, under certain circumstances, support an unexplained finding of no medical equivalence at step three. Id. at 1201 (finding an ALJ's four-page summary of the record an adequate basis for unexplained statement that the applicant's impairments did not meet or equal any listing).

Here, the ALJ reviewed Plaintiff's medical history in detail, including his ankle surgeries; the reports of his treating physician, Dr. Kreitenberg, and his chiropractor; his treatment and medication regimen; the report of the examining orthopedist (which he gave great weight); the reports of the reviewing agency physicians (which he gave less weight); and Plaintiff's testimony, which he discounted as discussed below. (AR at 21-22.) This review of the evidence supports the ALJ's step three finding under Gonzalez, and the ALJ did not err in failing to explain his finding that Plaintiff's impairments were not medically equivalent to any listed impairments. See Howard ex. rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003) (finding that an ALJ is not required to discuss every piece of evidence in the record in reaching a disability determination). The ALJ provided ample specific and legitimate reasons, supported by substantial evidence in the record, for finding that Plaintiff did not meet or equal a listing.

Plaintiff also argues that he meets or equals the requirement of an "inability to ambulate effectively" because Dr. Kreitenberg determined that Plaintiff was "precluded" from walking on uneven ground. (JS at 11 (citing AR at 373-76).) Preliminarily, there is no evidence that Plaintiff required the use of any assistive device(s) that limit the functioning of both upper extremities as noted in the definition of effective ambulation.[3] Plaintiff reported using a cane for the past

---

[3] The Court notes the seeming inconsistency between § 1.00B2b(1), which defines ineffective ambulation as having insufficient lower extremity functioning to permit independent ambulation without the use of a hand-held device that limits
(continued...)

four years when in a lot of pain, but he was not using a cane at the time of the orthopedic consultative examination in April 2010. (AR at 446.) Immediately following his ankle surgery in March 2007, he used a crutch (id. at 524), and in April 2007, Dr. Kreitenberg noted that Plaintiff used the crutch "more as a precaution" and recommended that Plaintiff discontinue its use (id.). Dr. Kreitenberg also noted that Plaintiff "is nearly back to where he was" prior to the February 13, 2006, accident that caused his ankle injury. (Id.)

     Moreover, Dr. Kreitenberg, did not state that Plaintiff was "precluded" from walking on uneven ground. He merely noted that uneven ground would *affect* Plaintiff's ability to sustain work in a competitive environment, not that Plaintiff was *unable* to walk a block at a reasonable pace on rough or uneven surfaces as required by the Listing. As a result, even assuming that under the Listing an assistive device limiting the function of both upper extremities is not required, there still is no evidence in the record that Plaintiff is *incapable* of walking at a normal pace on uneven ground, only that he should avoid doing so. See, e.g., Soutar v. Astrue, Case No. CV 08-2491-E, 2009 WL 453074, at *2 (C.D. Cal. Feb. 23, 2009) (state agency physician's opinion that plaintiff should avoid walking on uneven surfaces does not equate to finding "inability to walk a block at a reasonable pace on rough or uneven surfaces" under Listing 1.02, 1.00).

     Accordingly, when considering the record as a whole, it is clear that Plaintiff has not met his burden of demonstrating that his symptoms met or equaled the criteria of Listing 1.02A. See, e.g., Bowen v. Yuckert, 482 U.S. 137, 145-52, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987) (placing burden on claimant to

---

   [3](...continued)
the functioning of both upper extremities, and § 1.00B2b(2), which, in the examples of ineffective ambulation includes "the inability to walk a block at a reasonable pace on rough or uneven surfaces" without seeming to include the use of the assistive device(s) mentioned in § 1.00B2b(1).

produce evidence that impairment meets listing).  The ALJ correctly found at step three of the sequential analysis that Plaintiff's impairments do not meet one of the listed impairments.  Accordingly, Plaintiff is not entitled to relief on this claim.

### C. The ALJ's Properly Evaluated the Opinion of the Treating Physician.

#### 1. Background.

In the alternative, Plaintiff contends that even assuming his impairments do not meet or equal a listed impairment, the evidence of record supports a finding of disabled, based on the opinion of his treating orthopedist, Dr. Kreitenberg.  (JS at 12-13.)  Plaintiff states that the ALJ implicitly and improperly rejected Dr. Kreitenberg's opinion by accepting the opinion of the consultative examiner without providing specific and legitimate reasons for rejecting Dr. Kreitenberg's opinion.  (Id. (ctiting AR at 21, 446-51).)  Plaintiff also contends that as a board certified physician, Dr. Kreitenberg's opinion is entitled to special weight as compared to Dr. Bader, who is only "board eligible."  (Id. at 13-14.)

#### 2. Applicable Law.

It is well established in the Ninth Circuit that a treating physician's opinion is entitled to special weight, because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989).  "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability."  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989).  The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record.  20 C.F.R. §§ 404.1527(d), 416.927(d).  Where the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991).  If the treating physician's opinion is controverted, it may be rejected only if the ALJ makes

findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). The ALJ can "meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Thomas, 278 F.3d at 957 (citation omitted) (quotation omitted).

### 3. **Analysis.**

The Court finds that the ALJ failed to provide specific and legitimate reasons for discounting the opinions of Dr. Kreitenberg.

In his decision, the ALJ mentioned the reports of Dr. Kreitenberg, noting that at a December 12, 2008, follow-up appointment, Dr. Kreitenberg noted Plaintiff had a sore Achilles tendon and ankle pain and anticipated that Plaintiff would need an ankle fusion or replacement surgery in the future. (AR at 20 (citation omitted).) The ALJ also noted Dr. Kreitenberg's statement that nonprescription anti-inflammatory medications are adequate for Plaintiff's pain, and that Plaintiff is amenable to trying physical therapy. (Id. (citation omitted).) The ALJ then mentioned the October 22, 2009, examination where Dr. Kreitenberg stated Plaintiff should avoid walking on uneven ground or prolonged weight bearing, and can stand thirty minutes at a time, walk less than two of eight hours, and tolerate walking in three or four block bursts. (Id. (citation omitted).) The only other mention of Dr. Kreitenberg's opinion was in connection with the ALJ's discounting of the opinions of the DDS evaluators, in part, on the ground that they found Plaintiff should use a cane and "even treating physician Dr. Kreitenberg does not recommend use of a cane." (Id. at 21 (citation omitted).)

In discussing the weight he gave the opinion of consulting orthopedist, Dr. Bader, the ALJ determined that the RFC for light work with limitations was consistent with the opinion of Dr. Bader, and "consistent with the claimant's lack

9

of significant treatment after 2005 and use of only nonprescription pain medications." (Id.)  While this provides reasons for giving the consultant's opinion greater weight, it does not provide any reason, other than by implication, for the rejection, if any, of Dr. Kreitenberg's opinion.

The Commissioner notes that the record shows the following:  in March 2007, Dr. Kreitenberg reported that Plaintiff was "very happy that he had the surgery done," and Plaintiff's condition appeared "improved"; in May 2007, Dr. Kreitenberg reported Plaintiff "continue[d] to do very well," with "minimal tenderness" and an "excellent" range of motion, should use anti-inflammatory medications as needed, and that Plaintiff's pain symptoms would dissipate with time; in January 2008, Dr. Kreitenberg noted that Plaintiff felt his condition had improved but foresaw the probability that Plaintiff would need additional surgery on his ankle in the future; Plaintiff did not seek treatment again until December 2008 at which time Dr. Kreitenberg found "no detectable instability" in the left ankle, and opined that Plaintiff's ankle should improve with the use of over-the-counter anti-inflammatory medications.[4]  (JS at 15 (citations omitted).)  The Commissioner concludes that Dr. Kreitenberg's October 2009 questionnaire assessing "significant functional limitations" was "greatly out of proportion with his earlier findings," and that his opinion that Plaintiff could only stand for thirty minutes at a time and would miss more than four days of work per month conflicted with the fact that Plaintiff was able to go approximately eleven months without treatment and attend college on a full-time basis.  (Id. at 16 (citations omitted).)  The Commissioner also conclusorily states that if Plaintiff were experiencing as much pain and dysfunction as posited by Dr. Kreitenberg, "it is

---

[4] The Court notes that this treatment note states that Plaintiff's discomfort was probably due to "weather-related changes in the ankle" and that Dr. Kreitenberg termed this complaint a "flare" that physical therapy would help him get through.  (AR at 468.)

10

likely that he would have sought out more frequent and consistent treatment," and "Dr. Kreitenberg's statement that Plaintiff's ankle would improve with over-the-counter anti-inflammatory medications was directly at odds with his functional assessment." (Id. (citations omitted).)

The Commissioner's attempts to salvage the decision fail because this Court is required "to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ–not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." Bray v. Comm'r, Soc. Sec. Admin., 554 F.3d 1219, 1225 (9th Cir. 2009); Stout, 454 F.3d at 1054 (stating that the court is "constrained to review the reasons the ALJ asserts" for the denial of benefits and "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision") (quoting Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003); Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001)).

The question then, is whether the error is harmless. Here, Dr. Kreitenberg's assessment that Plaintiff could stand thirty minutes at a time, and walk for no more than two hours of an eight-hour day, is not inconsistent with the sedentary positions the ALJ found Plaintiff capable of performing based on the testimony of the VE. As a result, it is arguable that the ALJ did *not* reject these opinions. However, Dr. Kreitenberg also indicated Plaintiff would be absent from work more than four days per month, and there is no indication in the record as to whether the ALJ accepted or rejected this finding, and, if this finding is accepted as true, to what extent it would erode the occupational base.[5]

---

[5] Courts have held that such frequent absences likely would preclude substantial gainful employment. See White v. Astrue, ED CV 08-780-E, 2008 WL 5427642, at *2 (C.D. Cal. Dec. 31, 2008 ) (citing Carter v. Astrue, No. 7:07-CV-148 (WLS), 2008 WL 4498960, at *4 (M.D. Ga. Sept. 30, 2008) (ALJ determined that a claimant's absences for more than four days per month required a finding of disability); Gresham v. Astrue, No. 3:06-cv-0099-JAJ, 2007 WL

(continued...)

The Court concludes, therefore, that although the record may contain reasons to discount Dr. Kreitenberg's opinion, if indeed the ALJ discounted some or all of it, the Court cannot provide such post-hoc rationalizations for the ALJ's decision, especially given Dr. Kreitenberg's unexplored finding that Plaintiff would be absent from work more than four days per month, and the error was not harmless.  On remand, the Commissioner should provide specific and legitimate reasons for rejecting any portions of Dr. Kreitenberg's opinion.

**D.     The ALJ Properly Considered Plaintiff's Subjective Complaints and Properly Assessed Plaintiff's Credibility.**

Plaintiff contends that the ALJ impermissibly rejected Plaintiff's subjective symptom testimony, failing to provide clear and convincing reasons for rejecting his subjective physical complaints.  (JS at 18-22.)  He contends the ALJ's "benign recitation of the medical record" fails to identify which complaints are not credible and what evidence supports that finding.  (Id. at 20.)  Specifically, he contends the ALJ's reliance on Plaintiff's daily activities, the conservative nature of Plaintiff's treatment, and the ALJ's outside research regarding the cost of medical marijuana are not proper reasons for rejecting Plaintiff's complaints.  (Id.)

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight."  Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986).  When, as here, an ALJ's disbelief of a claimant's testimony is a critical factor in a decision to deny benefits, the ALJ must make explicit credibility findings.  Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981); see also

---

[5](...continued)
3208554, at *7 (S.D. Iowa Sept. 28, 2007) (vocational expert testified employers would not tolerate an employee who was absent more than four days per month)).

1  Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (an implicit finding that
2  claimant was not credible is insufficient).
3       Once a claimant has presented medical evidence of an underlying
4  impairment which could reasonably be expected to cause the symptoms alleged,
5  the ALJ may only discredit the claimant's testimony regarding subjective pain by
6  providing specific, clear, and convincing reasons for doing so. Lingenfelter v.
7  Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007). An ALJ's credibility finding
8  must be properly supported by the record and sufficiently specific to ensure a
9  reviewing court that the ALJ did not arbitrarily reject a claimant's subjective
10 testimony. Bunnell v. Sullivan, 947 F.2d 341, 345-47 (9th Cir. 1991).
11      An ALJ may properly consider "testimony from physicians . . . concerning
12 the nature, severity, and effect of the symptoms of which [claimant] complains,"
13 and may properly rely on inconsistencies between claimant's testimony and
14 claimant's conduct and daily activities. See, e.g., Thomas, 278 F.3d at 958-59
15 (citation omitted). An ALJ also may consider "[t]he nature, location, onset,
16 duration, frequency, radiation, and intensity" of any pain or other symptoms;
17 "[p]recipitating and aggravating factors"; "[t]ype, dosage, effectiveness, and
18 adverse side-effects of any medication"; "[t]reatment, other than medication";
19 "[f]unctional restrictions"; "[t]he claimant's daily activities"; "unexplained, or
20 inadequately explained, failure to seek treatment or follow a prescribed course of
21 treatment"; and "ordinary techniques of credibility evaluation," in assessing the
22 credibility of the allegedly disabling subjective symptoms. Bunnell, 947 F.2d at
23 346-47; see also Soc. Sec. Ruling 96-7p; 20 C.F.R. 404.1529 (2005); Morgan v.
24 Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may
25 properly rely on plaintiff's daily activities, and on conflict between claimant's
26 testimony of subjective complaints and objective medical evidence in the record);
27 Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (ALJ may properly rely on
28 weak objective support, lack of treatment, daily activities inconsistent with total

disability, and helpful medication); Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (ALJ may properly rely on the fact that only conservative treatment had been prescribed); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on claimant's daily activities and the lack of side effects from prescribed medication); Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001) (ALJ properly found that the claimant's "tendency to exaggerate" was a factor supporting his determination that she was not credible).

As reflected by the ALJ's decision, Plaintiff claimed to be "incapacitated by left ankle pain, right wrist pain, and back pain." (AR at 20.) After reviewing the record, the Court finds that the ALJ provided clear and convincing reasons for discounting Plaintiff's subjective complaints.

In determining Plaintiff was not entirely credible, the ALJ set forth numerous reasons. (Id. at 22.) The ALJ noted that Plaintiff's allegations are not consistent with his daily activities, in that he is enrolled in college full-time, and cares for his own day-to-day needs; although Plaintiff states he can only walk fifty feet and his pain exacerbates with activity, these assertions are not fully credible given his "failure to pursue significant pain treatment or surgical intervention since 2005," and, if he were "truly unable to walk more than 50 feet he would certainly be forced to use a cane and would probably be unable to negotiate the college campus he attends; and, Plaintiff claims he does not take prescription medication because of its cost, however his orthopedic surgeon stated that nonprescription anti-inflammatory medications were adequate to control Plaintiff's symptoms. These factors considered by the ALJ were all valid and supported by the record.[6]

---

[6] The ALJ also was "unimpressed" by Plaintiff 's reliance on medical marijuana to control his pain, which he determined via an Internet search retails for an average $375 per ounce, finding that Plaintiff's ability to pay for the

(continued...)

1    Based on the foregoing, the Court finds the ALJ's credibility finding was
2 supported by substantial evidence and was sufficiently specific to permit the Court
3 to conclude that the ALJ did not arbitrarily discredit Plaintiff's subjective
4 testimony.  Thus, there was no error.

5   **E.     This Case Should Be Remanded for Further Proceedings.**

6    The law is well established that the decision whether to remand for further
7 proceedings or simply to award benefits is within the discretion of the Court.  See,
8 e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister, 888 F.2d at
9 603; Lewin, 654 F.2d at 635.  Remand is warranted where additional
10 administrative proceedings could remedy defects in the decision.  Lewin, 654 F.2d
11 at 635.

12   The Court finds that the ALJ committed legal error by not providing
13 specific and legitimate reasons for discounting some or all of the opinion of Dr.
14 Kreitenberg and, specifically, that the error was not harmless with regard to Dr.
15 Kreitenberg's opinion that Plaintiff would be absent more than four days a month
16 from work.  Accordingly, it appears to the Court that this is an instance where
17 further administrative proceedings would serve a useful purpose and remedy
18 defects.

19 / / /
20 / / /

---

$^6$(...continued)
medical marijuana conflicts with his testimony that he does not take traditional prescription pain medications because they are too expensive.  (Id.)  Even if, as argued by Plaintiff, this reason is not valid for rejecting Plaintiff's credibility, because the ALJ provided other valid reasons for discounting Plaintiff's credibility, any error was harmless.  See Carmickle v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1197 (9th Cir. 2004) (upholding the ALJ's reasons for discounting claimant's credibility where one reason was invalid but other reasons supported the ALJ's analysis).

## IV.

## **ORDER**

Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security, and remanding this matter for further administrative proceedings consistent with this Memorandum Opinion.

Dated: January 29, 2013

/s/ Oswald Parada
HONORABLE OSWALD PARADA
United States Magistrate Judge